**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

| | | |
|---|---|---|
| CALVIN HARRIS, on behalf of himself and others similarly situated, | : : : | |
| Plaintiff, | : : | **Civil Action No. 11-4561 (SRC)** |
| v. | : : | **OPINION** |
| SCRIPTFLEET, INC., | : : | |
| Defendant. | : : | |

---

**CHESLER**, District Judge

This matter comes before the Court upon Defendant Scriptfleet, Inc.'s ("Defendant") motion to dismiss the Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6) [docket entry 2]. Plaintiff Calvin Harris ("Plaintiff") has opposed the motion. The Court has opted to rule based on the papers submitted and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons expressed below, Defendant's motion will be denied.

I.    **BACKGROUND**

Plaintiff worked as a medical courier for Defendant from March 2010 until June 2011, delivering pharmaceutical products to nursing homes, hospitals, and other pharmacy customers. According to Plaintiff, Defendant knowingly and intentionally failed to pay him minimum wages and overtime pay, and routinely took improper deductions from his salary. As a result, Plaintiff initiated this matter, asserting a Fair Labor Standards Act ("FLSA"), New Jersey State Wage and

Hour Law ("NJWHL"), and New Jersey Wage Payment Law ("NJWPL") claim against

Defendant.[1]  Defendant now moves to dismiss the Amended Complaint for failure to state a

claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).


II.   Legal analysis

    A.    Standard of Review

    A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only

if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light

most favorable to the plaintiff, a court finds that plaintiff's claims have facial plausibility.  *Bell

Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).  This means that the complaint must

contain sufficient factual allegations to raise a right to relief above the speculative level,

assuming the factual allegations are true.  *Id.* at 1965; *Phillips v. County of Allegheny*, 515 F.3d

224, 234 (3d Cir. 2008).  The Supreme Court has made clear that "a formulaic recitation of the

elements of a cause of action will not do."  *Twombly*, 127 S.Ct. at 1964-65; *see also Ashcroft v.

Iqbal*, 129 S.Ct. 1937, 1950 (2009) ("While legal conclusions can provide the framework of a

complaint, they must be supported by factual allegations.").

    In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may

consider only the complaint, exhibits attached to the complaint, matters of public record, and

undisputedly authentic documents if the complainant's claims are based upon those documents.

*See Pension Benefit Guar. Corp.*, 998 F.2d at 1196.  The issue before the Court "is not whether

---

[1]  The Court has not considered whether Plaintiff has sufficiently set forth a NJWPL claim in his Amended Complaint since Defendant did not raise this argument in its motion to dismiss.

plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### B.       Discussion

Defendant first argues that the Amended Complaint should be dismissed because only a party who is an "employer" is liable under the FLSA and NJWHL and Plaintiff has failed to sufficiently plead the existence of an employment relationship between himself and Defendant. The definitions for "employer" and "employee" under the two statutes are virtually identical. *Chen v. Domino's Pizza, Inc.*, No. 09-107, 2009 U.S. Dist. LEXIS 96362 at *9 (D.N.J. Oct. 16, 2009); *see* 29 U.S.C. § 203(d) ("'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ."); 29 U.S.C. § 203(e)(1) ("'Employee' means any individual employed by an employer."); N.J.S.A. § 34:11-56a1(g) ("'Employer' includes any individual, partnership, association, corporation or any person or group of persons acting directly or indirectly in the interest of an employer in relation to any employee."); N.J.S.A. § 34:11-56a1(h) ("'Employee' includes any individual employed by an employer."). When determining whether an employment relationship exists under the FLSA and NJWHL, courts must consider the totality of the circumstances and look to the "economic realities" of the relationship. *Chen* 2009 U.S. Dist. LEXIS 96362 at *11 (citing *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947)). Under the economic realities test, the Third Circuit requires courts to weigh the following six factors:

> 1) [T]he degree of the alleged employer's right to control the manner in which the work is to be performed; 2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; 3) the alleged employee's investment in

equipment or materials required for his task, or his employment of helpers; 4) whether the service rendered requires a special skill; 5) the degree of permanence of the working relationship; 6) whether the service rendered is an integral part of the alleged employer's business.

*Cahill v. City of New Brunswick*, 99 F. Supp. 2d 464, 471 (D.N.J. 2000) (citing *Donovan v. DialAmerica Marketing, Inc.*, 757 F.2d 1376, 1382 (3d Cir. 1985)); *see Shakib v. Back Bay Rest. Grp., Inc.*, No. 10-4564, 2011 U.S. Dist. LEXIS 112614 at *8 n.2 (D.N.J. Sept. 30, 2011) (same analysis used to determine whether a defendant is an employer under the FLSA and NJWHL). The presence or absence of any specific factor is not dispositive as courts must examine the circumstances as a whole to determine whether the economic realities indicate that an employment relationship exists. *Id.*

Here, Plaintiff has pled facts sufficient to show that an employment relationship existed with Defendant. As alleged in the Amended Complaint, Defendant required that medical couriers start each work day at a fixed time and location, demanded that couriers wait at start locations for hours until Defendant permitted them to begin their deliveries, monitored and provided couriers work instructions throughout the day, required couriers to end the day at a fixed location, and suspended and/or terminated couriers who violated company rules. These averred facts infer that Defendant possessed and exercised operational control and policy-making authority over Plaintiff, including but not limited to control and authority over hiring and firing employees, setting employment policies, employee wages and hours, and employee schedules.[2] As such, Plaintiff's Amended Complaint sufficiently alleges that Defendant was his "employer,"

---

[2] It is worth noting that another court previously rejected Defendant's assertion that its medical couriers are independent contractors rather than employees. (DiChiara Decl., Ex. B).

4

rendering both the FLSA and NJWHL applicable.

Defendant subsequently contends that the Amended Complaint should be dismissed because Plaintiff has failed to allege facts sufficient to state a claim for failure to pay overtime compensation or minimum wage under either the FLSA or NJWHL.  Essentially, Defendant contends that Plaintiff has not satisfied the pleading standards set forth in *Twombly* and *Iqbal*.

      1.    <u>Fair Labor Standards Act Claim</u>

Rule 8 of the Federal Rules of Civil Procedure merely requires a "short and plain statement" to put the defendants on notice.  Fed.R.Civ.P. 8(a)(2).  To meet this standard, the plaintiffs' claim must be "plausible on its face" such that the Court may draw a "reasonable inference" that the defendants are liable.  *Twombly*, 550 U.S. at 556.  Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite simple and straightforward.  *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. 2008).  To successfully state a FLSA claim, a plaintiff must simply show "a failure to pay overtime compensation and/or minimum wages to covered employees."  *Id.*; *see* 29 U.S.C. §§ 206, 207, 215(a)(2).[3]  The Third Circuit has not explicitly addressed how precisely a FLSA claim must be alleged in the complaint.[4]  *See Mell v. GNC Corp.*, No. 10-945, 2010 U.S. Dist. LEXIS 118938 at

---

[3]  Section 207(a)(1) forbids an employer from having an employee work "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(1).  Section 206(a) provides that every employer "shall pay to each of his employees" wages not less than the specified minimum rate.  29 U.S.C. § 206(a).

[4]  Some courts have applied a fairly generous standard which allows the plaintiff to proceed with little more than a statement of the elements of a claim.  *See*, *e.g.*, *Uribe v. Mainland*

*15 (W.D. Pa. Nov. 9, 2010).  As such, this Court will consider whether, based on our judicial experience and common sense, sufficient facts have been pled that will allow us to conclude that there is more to Plaintiff's allegations than a simple claim that "defendants harmed us."  After distinguishing between the well-pleaded facts of the Amended Complaint and the legal conclusions, this Court arrives at the following list of factual allegations:

- Plaintiff worked for Defendant from March of 2010 until June of 2011;
- Plaintiff regularly worked in excess of 40 hours in a workweek for which he was never paid overtime;
- Plaintiff was compensated for his time performing deliveries on a flat rate basis, ostensibly calculated with regard to miles driven and deliveries made;
- Plaintiff would have to arrive at a pharmacy and wait up to two or more hours prior to performing deliveries, time which he was consistently uncompensated for;
- Defendant took deductions from each of Plaintiff's paychecks for expenses, including for a hand-held screening device and uniform, reducing Plaintiff's wages to below the minimum wage; and
- Defendant failed to reimburse Plaintiff for legitimate business expenses such as fuel, tolls, and cellular telephone expenses, reducing his wages to below the minimum wage.

These factual allegations, if proven, give rise to a plausible claim for relief under the FLSA.

In its motion to dismiss, Defendant stresses that, in order for Plaintiff to have successfully

_____

*Nursery, Inc.*, No. 07-0229, 2007 U.S. Dist. LEXIS 90984 at *7-8 (E.D. Cal. Dec. 11, 2007) (plaintiffs who alleged they were non-exempt employees who had not been compensated at the appropriate overtime rates had satisfied the "liberal standard" of *Twombly*); *Qureshi v. Panjwani*, No. 08-3154, 2009 U.S. Dist. LEXIS 48142 at *10-11 (S.D. Tex. Jun. 9, 2009) (plaintiffs' allegations that "they were required to work in excess of a forty-hour week without overtime compensation, and that they were employed by the defendants" were sufficient to state a claim under the FLSA.)  Other courts have required more detailed factual allegations.  *See, e.g.*, *Pruell v. Caritas Christi*, No. 09-11466, 2010 U.S. Dist. LEXIS 101761 at *10-11 (D. Mass. Sept. 27, 2010) (plaintiffs failed to state a claim when they did not allege approximately how many hours they worked per week and their hourly rate or weekly wages); *Villegas v. JPMorgan Chase*, No. 09-261, 2009 U.S. Dist. LEXIS 19265 at *13 (N.D. Cal. Mar. 9, 2009) (plaintiff's "factual" statement that she did not receive properly computed overtime wages was insufficient to state a claim under the FLSA).

stated a FLSA claim, Plaintiff had to allege a specific estimate of how many hours he worked for which he was either under- or un- compensated for.  However, the FLSA requires every employer to keep records of the "wages, hours, and other conditions and practices" of its employees.  29 U.S.C. § 211(c).  Regulations advanced pursuant to Section 11(c) of the FLSA require employers to keep, *inter alia,* payroll records of the following: 1) hours worked per day; 2) total hours worked per week; 3) total daily or weekly straight-time earnings; and 4) total premium pay for overtime hours.  *See* 29 C.F.R. 516.2; *see also Williams v. Tri-County Growers, Inc.*, 747 F.2d 121, 127 (3d Cir. 1984).  These payroll records must be preserved for three years.  29 C.F.R. 516.5.  It cannot be the case that a plaintiff must plead specific instances of unpaid overtime or minimum wage violations before being allowed to proceed to discovery to access the employer's records.  *See Acho v. Cort*, No. 09-00157, 2009 U.S. Dist. LEXIS 100064 at *3 (N.D. Cal. Oct. 27, 2009) (where plaintiff alleged the dates of his employment, described his job responsibilities sufficiently for the court to infer that he was correct in his description of his position as non-exempt, and generally alleged failure of the defendant to pay overtime wages, his complaint would survive dismissal even though he had not identified the specific dates on which he allegedly worked overtime).  A review by Defendant of its own records would provide the specific number of overtime hours worked and weekly earnings by Plaintiff.

Accordingly, because Plaintiff has alleged that he regularly worked overtime hours each week without receiving overtime pay and has set forth specific reasons why his wages were reduced to below the minimum wage, the amended pleading provides adequate factual grounds supporting the Plaintiff's FLSA claims.  Therefore, Defendant's motion to dismiss with respect to this issue is denied.

    2. <u>New Jersey Wage and Hour Law Claim</u>

  Because the NJWHL overtime compensation and minimum wage requirements are modeled after and nearly identical to their analogous Fair Labor Standards Act regulations, judicial interpretations construing the FLSA are applicable.  *See Marx v. Friendly Ice Cream Corp.*, 882 A.2d 374, 383-385 (N.J. Super. App. Div. 2005) (construing similar "executive employee" provisions); *see, e.g.*, N.J.S.A. § 34:11-56a20 ("Every employer of employees subject to this act shall keep a true and accurate record of the hours worked and the wages paid by him to each[.]").  As such, this Court's analysis under the *Iqbal* and *Twombly* pleading standards set forth in section II.B.1 of this Opinion is germane to Plaintiff's allegations of state law minimum wage and overtime compensation violations.  Thus, Defendant's motion to dismiss Plaintiff's NJWHL cause of action is denied for the same reasons this Court denies Defendant's motion to dismiss Plaintiff's FLSA claims.

**III. CONCLUSION**

  For the foregoing reasons, Defendant's motion to dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) is denied.  An appropriate form of order will be filed together with this Opinion.

       s/Stanley R. Chesler
      STANLEY R. CHESLER
      United States District Judge

DATED: December 6, 2011